UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER J. BAILEY,<br>Petitioner,<br>-against-<br>E. RICKARD, WARDEN, FCI OTISVILLE,<br>Respondent. | 26-CV-4172 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Christopher J. Bailey, currently incarcerated at F.C.I. Otisville, commenced this *pro se* proceeding, purportedly under 28 U.S.C. § 2241, seeking to challenge the imposition of his amended sentence rendered in the United States District Court for the Southern District of West Virginia. *See Bailey v. United States*, Nos. 16-CV-6190 and 95-CR-0002, 2019 WL 4058599 (S.D. W. Va. Aug. 28, 2019).

On May 23, 1995, a jury convicted Bailey of one count of kidnapping, 18 U.S.C. § 1201(a)(1), and one count of interstate domestic violence, 18 U.S.C. § 2261(a)(2). Twenty years later, following the Supreme Court's decision in *United States v. Johnson*, 576 U.S. 591 (2015), in which the Supreme Court found the residual clause of the definition of "crime of violence" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), to be unconstitutionally vague, Bailey sought and received authorization from the Fourth Circuit to file a second and successive motion to vacate the conviction under 28 U.S.C. § 2255. In the subsequent Section 2255 proceeding, the district court granted relief to the extent of vacating Bailey's conviction for interstate domestic violence, but it held that Bailey's conviction for kidnapping "remain[ed] in full force and effect as set forth by the trial court's judgment order entered September 11, 1995." *Bailey v. United States*, Nos. 16-CV-6190 and 95-CR-0002, 2019 WL 4058599, at *6 (S.D. W.

Va. Aug. 28, 2019). In the same order, the district court imposed an amended sentence consistent with the above. *See id*.

Bailey subsequently sought relief under Rule 59(e) of the Federal Rules of Civil Procedure, which was denied. *See Bailey v. United States*, Nos. 16-CV-6190 and 95-CR-0002, 2021 WL 1602426, at *1 (S.D. W. Va. Apr. 23, 2021), *aff'd*, No. 21-6718, 2023 WL 1814205 (4th Cir. Feb. 8, 2023). He also sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the district court denied. *See United States v. Bailey*, No. 95-CR-0002, 2022 WL 3354770, at *1 (S.D. W. Va. Aug. 12, 2022), *aff'd*, No. 22-7022, 2023 WL 334419 (4th Cir. Jan. 20, 2023). It appears that Bailey has not sought Section 2255 relief from the amended judgment conviction entered on August 28, 2019.

Because Bailey was convicted and sentenced in the United States District Court for the Southern District of West Virginia, and because Bailey appears to challenge the imposition (rather than the execution) of his sentence, this action sounds in Section 2255 (rather than Section 2241).[1] This case is accordingly transferred to the United States District Court for the Southern District of West Virginia, the district of conviction. *See* 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of West Virginia.

This order closes this case in this court.

---

[1] To be clear, the Court declines to construe this application as a motion under Section 2255; however, nothing in this order should interfere with the transferee court's discretion to construe this petition liberally and to notify Petitioner of such recharacterization. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam).

Because the pleading makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: July 8, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge